## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| E-WATCH, INC. AND<br>E-WATCH CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 2:13-cv-061<br>§<br>§<br>§ **Jury Trial Demanded**<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

Plaintiffs, e-Watch, Inc. and e-Watch Corporation (collectively, "e-Watch" or "Plaintiffs"), by and through its attorneys, for its Original Complaint against Apple, Inc. ("Defendant"), hereby alleges as follows:

### I.    NATURE OF THE ACTION

1. This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products incorporating Plaintiffs' patented inventions.

2. e-Watch, Inc. is owner of all right, title, and interest in and to: United States Patent No. 7,365,871 (the "'871 Patent"), issued April 29, 2008, for "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System"; United States Patent No. 7,643,168 (the "'168 Patent"), issued January 5, 2010, for "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System" (collectively, the "Patents").  True and correct copies of the Patents are attached hereto as **Exhibits 1–2.**

3.  e-Watch Corporation and e-Watch, Inc. are parties to Inter-Company License Agreement, under which e-Watch, Inc. grants to e-Watch Corporation an exclusive license to make, use, sell and support products and services in accordance with the Patents, subject to certain restrictions and reservations of rights.

4.  Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services related to those products.

5.  Plaintiffs further seek monetary damages and prejudgment interest for Defendant's past infringement of the Patents.

## II.  THE PARTIES

6.  Plaintiff e-Watch, Inc. is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 23011 IH-10 West, San Antonio, Texas 78257.

7.  Plaintiff e-Watch Corporation is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 23011 IH-10 West, San Antonio, Texas 78257.

8.  Upon information and belief, Defendant Apple, Inc. is a corporation organized under the laws of the State of California, with its principal places of business located at 1 Infinite Loop, Cupertino, CA 95014. Apple, Inc. also has a place of business at 12545 Riata Vista Circle, Austin, Texas 78727. Upon information and belief, Defendant Apple, Inc. is authorized to do business in Texas. Apple, Inc. may be served by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### III. JURISDICTION AND VENUE

9. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

10. This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV. PATENTS-IN-SUIT

11. The Patents disclose an image capture, conversion, compression, storage and transmission system. The system provides a data signal representing the image in a format and protocol capable of being transmitted over transmission systems and received equipment receiving stations. In its most comprehensive form, the system is capable of capturing/receiving and sending audio, documentary and visual image data to and from remote stations.

12. Plaintiffs have obtained all substantial right and interest to the Patents, including all rights to recover for all past and future infringements thereof.

13. Plaintiffs have acted in conformity with 35 U.S.C. § 287.

### V. DEFENDANT'S ACTS

14. Upon information and belief, Defendant manufactures, provides, sells, offers for sale, and/or distributes certain infringing camera phones that are capable of operating over cellular networks, including by way of example iPhone 4S ("Camera Phones"). By doing so, Defendant has infringed the Patents.

15. Upon information and belief, Defendant's Camera Phones are infringing systems. Defendant encourages and instructs its customers to use these infringing systems in a manner that infringes the Patents.

16. Plaintiffs have been and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
### PATENT INFRINGEMENT—U.S. PATENT NO. 7,365,871

17. Plaintiffs reallege and incorporate herein paragraphs 1–14.

18. Upon information and belief, Defendant has directly infringed the '871 Patent.

19. The aforementioned acts of Defendant have caused damage to Plaintiffs and will continue to do so.

## COUNT TWO
### PATENT INFRINGEMENT—U.S. PATENT NO. 7,643,168

20. Plaintiffs reallege and incorporate herein paragraphs 1–17.

21. Upon information and belief, Defendant has directly infringed the '168 Patent.

22. Defendant's aforementioned acts have caused damage to Plaintiffs and will continue to do so.

## VI. JURY DEMAND

23. Plaintiffs hereby demand a jury on all issues so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs e-Watch, Inc. and e-Watch Corporation respectfully request that the Court:

    A.    Enter judgment that Defendant infringes one or more claims of the Patents asserted against them in the above Counts literally and/or under the doctrine of equivalents;

    B.    Award Plaintiffs e-Watch, Inc. and e-Watch Corporation past and future damages together with prejudgment and post-judgment

interest to compensate for the infringement by Defendant of the Patents asserted against them in the Counts above in accordance with 35 U.S.C. §284; and

C. Award Plaintiffs e-Watch, Inc. and e-Watch Corporation their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated:  December 9, 2013                Respectfully submitted,

By:   */s/ Christopher V. Goodpastor*
Christopher V. Goodpastor
State Bar No. 00791991
LEAD ATTORNEY
Mikal C. Watts
State Bar. No. 20981820
WATTS GUERRA LLP
811 Barton Springs Road, Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile:  (512) 479-0502
Email:  cgoodpastor@wattsguerra.com
           mcwatts@wattsguerra.com

Francisco Guerra, IV
State Bar No. 00797784
WATTS GUERRA LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 527-0500
Facsimile:  (210) 527-0501
Email:  fguerra@wattsguerra.com

Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Chester J. Shiu
State Bar No. 24071126
Stefanie T. Scott
State Bar No. 24061617
Gregory S. Donahue
State Bar No. 24012539
DINOVO PRICE ELLWANGER & HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile : (512) 539-2627
Email: adinovo@dpelaw.com
      aprice@dpelaw.com
      cshiu@dpelaw.com
      sscott@dpelaw.com
      gdonahue@dpelaw.com

T. John Ward, Jr.
State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS**
**e-WATCH, INC. AND**
**e-WATCH CORPORATION**