**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **E-WATCH INC. AND E-WATCH CORPORATION,** | Civil Action No. 2:13-cv-01061-JRG-RSP |
| **Plaintiffs,** | LEAD CASE |
| **v.** | Jury Trial Demanded |
| **APPLE INC. ET AL.,** | |
| **Defendants** | |
| **E-WATCH INC. AND E-WATCH CORPORATION,** | Civil Action No. 2:13-cv-01063-JRG-RSP |
| **Plaintiffs,** | |
| **v.** | Jury Trial Demanded |
| **HTC CORPORATION AND HTC AMERICA, INC.,** | |
| **Defendants** | |

**ANSWER OF HTC CORPORATION AND HTC AMERICA INC. TO E-WATCH INC.**
**AND E-WATCH CORPORATION'S AMENDED COMPLAINT FOR PATENT**
**INFRINGEMENT AND COUNTERCLAIMS**

Defendants HTC Corporation and HTC America, Inc. (collectively "HTC"), by and

through their undersigned counsel, hereby respond to the Amended Complaint of Plaintiffs e-

Watch, Inc. and e-Watch Corporation (collectively "e-Watch" or "Plaintiffs") and deny all

allegations of the Amended Complaint that are not expressly admitted herein.  Each paragraph of

this Answer corresponds to the same-numbered paragraph in the First Amended Complaint.[1]

---

[1] For ease of reference, HTC incorporates the outline headings used in the Amended Complaint.
To the extent that such headings make factual allegations, HTC does not adopt or admit such
statements and instead denies them.

## I.      NATURE OF THE ACTION

1.      HTC admits that the Amended Complaint purports to be a patent infringement action but otherwise denies the allegations of Paragraph 1 of the Amended Complaint.

2.      HTC admits that the face of United States Patent No. 7,365,871 ("the '871 patent") bears the title  "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System" and an issue date of April 29, 2008.  HTC admits that United States Patent No. 7,643,168 ("the '168 patent") bears the title "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System" and an issue date of January 5, 2010.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph of the Amended Complaint and therefore denies them.

3.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

4.      Denied.

5.      HTC admits that the Amended Complaint purports to seek monetary damages and prejudgment interest from HTC but denies that Plaintiffs are entitled to any such relief.

## II.      THE PARTIES

6.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

7.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

8.      Denied.  HTC Corporation is incorporated under the laws of Taiwan and has a principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, Republic of China.

9.      HTC admits that HTC America, Inc. is a subsidiary of HTC Corporation.  HTC admits that HTC America, Inc. is a Washington corporation with its principal place of business at 13920 SE Eastgate Way, Ste. 200, Bellevue, Washington 98005.  HTC denies that HTC America, Inc. may be served with process by serving National Registered Agents, Inc. at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.  HTC America, Inc.'s present registered agent for service of process is National Registered Agents Inc., with address of 505 Union Avenue SE, Suite 120, Olympia, Washington 98501.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in this paragraph of the Amended Complaint and therefore denies them.

### III.      JURISDICTION AND VENUE

10.     HTC admits that this action purports to be an action for patent infringement. HTC admits that this Court has subject matter jurisdiction over actions for patent infringement. The remaining allegations of this paragraph of the Amended Complaint contain allegations of law to which no response is required from HTC.

11.     For purposes of this action only, HTC does not contest whether personal jurisdiction or venue may lay in this District; however, HTC specifically denies that this District is the most convenient forum.

### IV.      PATENTS-IN-SUIT

12.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

13.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

14.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in this paragraph of the Amended Complaint and therefore denies them.

## V.     DEFENDANT'S ALLEGED ACTS

15.     HTC admits that it manufactures and sells smartphones.  HTC denies the remaining allegations of this paragraph of the Amended Complaint.

16.     Denied.

17.     Denied.

## COUNT ONE

## ALLEGED PATENT INFRINGEMENT- U.S. PATENT NO. 7,365,871

18.     HTC restates and incorporates by reference its response to paragraphs 1-14 of the Amended Complaint.

19.     Denied.

20.     Denied.

## COUNT TWO

## ALLEGED PATENT INFRINGEMENT- U.S. PATENT NO. 7,643,168

21.     HTC restates and incorporates by reference its response to paragraphs 1-17 of the Amended Complaint.

22.     Denied.

23.     Denied.

## VI.    JURY DEMAND

24.     To the extent that any response is required to this paragraph, HTC admits that the Amended Complaint appears to contain a demand for jury trial.

## VII.    REQUEST FOR RELIEF

HTC denies that Plaintiffs are entitled to any relief sought in the Amended Complaint.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

25.     HTC incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these Affirmative Defenses, HTC does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  HTC reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case, and reserves the right to amend or raise additional defenses in its Answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE

### (No Infringement)

26.     HTC does not individually or collectively infringe and has not infringed any valid and enforceable claim of the '871 patent or the '168 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

27.     Each asserted claim of the '871 patent and the '168 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not

limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

28.     By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '871 patent and the '168 patent, and related applications and reexaminations or post grant proceedings before the USPTO, the '871 patent and the '168 patent are so limited that none of their claims can be properly construed as covering any activity of HTC.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

29.     Prior to receiving a copy of the Amended Complaint in this action, HTC had neither actual nor constructive notice of either the '871 patent or the '168 patent.  Upon information and belief, e-Watch is not entitled to any damages for any period prior to filing of the Amended Complaint, by reason of the failure of e-Watch and/or its licensees to properly mark products embodying the asserted claims of the '871 patent or the '168 patent as required by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

30.     e-Watch's claim for damages, if any, is limited by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

31.     One or more of e-Watch's claims for relief are precluded or limited by the doctrine of laches, estoppel, or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

32.     The Amended Complaint fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unenforceability)

33.     On January 12, 1998, David Monroe filed Application No. 09/006,073 ("'073 application") with the U.S. Patent & Trademark Office ("USPTO").

34.     On December 7, 1999, the Examiner issued an office action rejecting all pending claims of the '073 application. On June 7, 2000, Monroe filed a response to this office action and amended some pending claims and canceled others and argued that the remaining claims were patentable over the prior art cited by the Examiner.

35.     On August 29, 2000, the Examiner issued a final office action and rejected all the then pending claims of the '073 application.

36.     On February 21, 2001, Monroe filed a request for extension of time to file a response to the final office action. This extended the deadline for Monroe's response to February 28, 2001.

37.     Despite filing a request for extension one week before the deadline to file his response to the final office action, Monroe did not file a response. Accordingly, the '073 patent became abandoned on March 1, 2001. The USPTO mailed Monroe a notice of abandonment on April 10, 2011. Monroe did not respond to the notice of abandonment.

38.     On January 3, 2003, through his attorney Richard R. Ruble, Monroe filed a petition to revive the '073 application with the USPTO. This petition states, "The entire delay in filling the required reply from the due date for the required reply until the filing of a grantable

petition under 37 CFR 1.137(b) was unintentional." On information and belief, this statement was false. This statement was material because if not for this statement, the USPTO would not have granted the petition and revived the '073 application.

39.     In fact, Monroe filed the petition to revive the '073 application in order to claim priority to the '073 application for Application No. 10/336,470, which became the '871 patent.

40.     On information and belief, the USPTO would not have issued the '871 patent—which claims priority to the '073 application—or the '168 patent—which claims priority to the '871 patent—but for the statement in the petition to revive that the failure to respond to the final office action was unintentional. Thus the patents-in-suit are unenforceable.

## NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

41.     HTC reserves the right to amend its Answer to the Amended Complaint to assert additional affirmative and other defenses in accordance with the Federal Rules of Civil Procedure and should additional defenses become evident through discovery or otherwise.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and counterclaimants HTC Corp. and HTC America, Inc. (collectively, "HTC") by and through undersigned counsel, hereby alleges the following counterclaims against plaintiffs and counterclaim-defendants e-Watch, Inc. and e-Watch Corp. ("e-Watch"):

## PARTIES

1.     Counterclaimant HTC Corp. is a corporation organized and existing under the laws of Taiwan having its principal place of business at Taoyuan, Taiwan, Republic of China.

2.      Counterclaimant HTC America, Inc. is a Washington corporation with its principal place of business in Bellevue, Washington.

3.      Upon information and belief, counterclaim defendant e-Watch, Inc. is a Nevada corporation with its principal place of business in San Antonio, Texas.

4.      Upon information and belief, counterclaim defendant e-Watch Corporation is a Texas corporation with its principal place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

5.      Subject to HTC's defenses and denials herein, this Court has jurisdiction over the subject matter of these counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

6.      Subject to HTC's defenses and denials herein, venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) for this particular case because e-Watch commenced this action in this district.

7.      This Court has personal jurisdiction over e-Watch because e-Watch filed the Amended Complaint in this action.

## COUNTERCLAIM 1:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '871 PATENT

8.      HTC restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

9.      e-Watch alleges it is the owner of the '871 patent, and alleges that patent is valid and enforceable.

10.     e-Watch has asserted the '871 patent against HTC in litigation, alleging HTC infringes the '871 patent.

11.     HTC does not directly or indirectly infringe the '871 patent.

12.     An actual controversy exists between HTC and e-Watch as to whether HTC infringes the '871 patent.

## COUNTERCLAIM 2:  DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '871 PATENT

13.     HTC restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

14.     e-Watch alleges the '871 patent is valid and enforceable.

15.     The '871 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

16.     An actual controversy exists between HTC and e-Watch as to whether the '871 patent is invalid.

17.     A judicial declaration is necessary for HTC to ascertain its rights with respect to the '871 patent.

## COUNTERCLAIM 3:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '168 PATENT

18.     HTC restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

19.     e-Watch alleges it is the owner of the '168 patent, and alleges that patent is valid and enforceable.

20.     e-Watch has asserted the '168 patent against HTC in litigation, alleging HTC infringes the '168 patent.

21.　　HTC does not directly or indirectly infringe the '168 patent.

22.　　An actual controversy exists between HTC and e-Watch as to whether HTC infringes the '168 patent.

## COUNTERCLAIM 4:  DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '168 PATENT

23.　　HTC restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

24.　　e-Watch alleges the '168 patent is valid and enforceable.

25.　　The '168 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

26.　　An actual controversy exists between HTC and e-Watch as to whether the '168 patent is invalid.

27.　　A judicial declaration is necessary for HTC to ascertain its rights with respect to the '168 patent.

## PRAYER FOR RELIEF

WHEREFORE, HTC prays for the following relief and judgment:

A.　　A judgment dismissing e-Watch's Amended Complaint against HTC with prejudice;

B.　　A declaration that HTC has not directly or indirectly infringed the '871 patent;

C.　　A declaration that the '871 patent is invalid and unenforceable;

D.　　A declaration that HTC has not directly or indirectly infringed the '168 patent;

E.　　A declaration that the '168 patent is invalid and unenforceable;

F.      A declaration that this case is exceptional and that HTC is entitled to recover its reasonable fees and costs;

G.      An award to HTC of its reasonable fees and costs;

H.      A judgment in equity barring e-Watch from enforcing the '871 patent or collecting damages on the '871 patent;

I.      A judgment in equity barring e-Watch from enforcing the '168 patent or collecting damages on the '168 patent; and

J.      Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

HTC requests a trial by jury on all claims, counterclaims, and defenses properly decided by a jury.


Dated:  March 31, 2014                              Respectfully submitted,


                                                    /s/ *Kevin Patariu*
                                                    Kevin Patariu
                                                    Texas State Bar No. 24074859
                                                    kpatariu@perkinscoie.com

                                                    PERKINS COIE LLP
                                                    11988 El Camino Real, Suite 350
                                                    San Diego, CA  92130-3334
                                                    Telephone: 858-720-5700
                                                    Facsimile: 858-720-5799

                                                    *Attorney for Defendants*
                                                    *HTC Corporation and HTC America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2014, I caused a true and correct copy of this document to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a)(3).


March 31, 2014                                      */s/ Kevin Patariu*

Kevin Patariu