IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| E-WATCH INC., ET AL. § <br> § <br> v. § <br> § <br> APPLE, INC. § <br> § | Case No. 2:13-CV-1061-JRG-RSP <br> LEAD CASE |

### ORDER GRANTING HTC'S RENEWED MOTION TO STAY

Before the Court is Defendants HTC Corporation and HTC America, Inc.'s (collectively, "HTC") Renewed Motion to Stay (Dkt. No. 232, filed Dec. 11, 2014). For the following reasons, the Court hereby **GRANTS** HTC's Renewed Motion to Stay.

### BACKGROUND AND PROCEDURAL HISTORY

In December 2013, e-Watch Incorporated and e-Watch Corporation (collectively, "e-Watch") filed this suit against defendants: Apple, Inc. (*Case No. 2:13-cv-01061-JRG-RSP*); Samsung Electronics America Inc. (*Case No. 2:13-cv-01062-JRG-RSP*); HTC America Inc. and HTC Corporation (*Case No. 2:13-cv-01063-JRG-RSP*); LG Electronics Inc., LG Electronics MobileComm USA, Inc., and LG Electronics USA Inc. (*Case No. 2:13-cv-01064-JRG-RSP*); ZTE (USA) Inc., ZTE Corporation, ZTE Solutions, Inc. (*Case No. 2:13-cv-01071-JRG-RSP*); Sony Corporation, Sony Mobile Communications (USA) Inc., and Sony Mobile Communications AB (*Case No. 2:13-cv-01073-JRG-RSP*); Huawei Device Co Ltd. and Huawei Device USA, Inc. (*Case No. 2:13-cv-01076-JRG-RSP*); Kyocera Communications Inc. (*Case No. 2:13-cv-01077-JRG-RSP*); and BlackBerry Corporation and BlackBerry Limited (*Case No. 2:13-cv-01078-JRG-RSP*) (collectively, "Defendants.") For each of these actions, e-Watch claims Defendants infringed U.S. Patent No. 7,365,871 ("the '871 Patent") and U.S. Patent No. 7,643,168 ("the '168 Patent") (collectively, "Patents-in-Suit").

On June 19, 2014, HTC filed a petition for *inter partes* review ("IPR") on the '168 Patent. (Case. No. IPR2014-00987); on June 26, 2014, HTC filed a petition for IPR on the '871 Patent. (Case No. IPR2014-00989) (collectively, "IPR Petitions"). Shortly thereafter, on July 24, 2014, HTC filed a motion to stay in light of the recently filed IPR Petitions. (Dkt. No. 164, "Motion to Stay.") On November 21, 2014, the Court denied HTC's Motion to Stay "without prejudice to HTC's right to file a motion to stay if the PTAB [Patent Trial and Appeals Board] grants the petition to institute." (Dkt. No. 218.)

Less than three weeks later, on December 9, 2014, the PTAB instituted IPR proceedings on the IPR Petitions. (*See, e.g.*, Dkt. No. 232-1, Exh. 1, "Day Decl." at ¶¶ 2–3) (evidencing the PTAB's decision to institute IPR proceedings against claims 1–8 and 12–15 of the '871 Patent, and claims 1–6, 8, 10, 11, 13–18, 21–29, and 31 of the '168 Patent (collectively, "IPR Proceedings"). The parties do not dispute that all the presently asserted claims of the Patents-in-Suit are under PTAB review through the instituted IPR Petitions. (*See, e.g.*, Opp. at 9) (conceding "this case will be over and all of the other co-pending cases that e-Watch has filed will be over" to the extent the PTAB "rejects all claims of the Asserted Patents . . . .")

Subsequent to the filing of HTC's Renewed Motion to Stay, several defendants to this consolidated lead case represented to the Court their intent to join in HTC's Renewed Motion to Stay. (*See, e.g.*, Dkt. Nos. 239–40 and 42–45) (indicating intent to join in HTC's motion and acceding to varying degrees of estoppel resulting from the IPR Proceedings). In response to these notices, the Court *sua sponte* issued an order requiring each defendant to state (or in some instances, restate) whether or not it joins in HTC's Renewed Motion to Stay, and whether it agrees to be statutorily bound by HTC's IPR Petitions pursuant to 35 U.S.C. § 315(e). (Dkt. No.

298.) On March 18, 2015, each defendant[1] filed a notice in response to this Court's order indicating its joinder with HTC's Renewed Motion to Stay and agreeing to be estopped under section 315.

Defendants now move the Court to stay the case pending final resolution of the IPR Petitions. (Mot. at 1.)

## APPLICABLE LAW

The district court has the inherent power to control its own docket, including the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In deciding whether to stay litigation pending patent reexamination and *inter partes* review, courts usually consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g., Norman IP Holdings, LLC v. TP-Link Technologies, Co.*, No. 6:13-CV-384-JDL, 2014 WL

---

[1] Notably, the ZTE entities only made representations as to ZTE (USA) Inc. but not as to ZTE Corporation and ZTE Solutions, Inc. (Dkt. No. 305.) Similarly, the Sony entities only made representations as to Sony Mobile Communications (USA) Inc., but not as to Sony Corporation or Sony Mobile Communications (USA) Inc. (Dkt. No. 307.) **The Court hereby considers ZTE (USA) Inc.'s representations to constitute binding agreement as to all ZTE entities to this suit** unless a motion for reconsideration is filed no later than five (5) days from the date of this Order. **Similarly, the Court hereby considers Sony Mobile Communications (USA) Inc.'s representations to constitute binding agreement as to all Sony entities to this suit** unless a motion for reconsideration is filed no later than five (5) days from the date of this Order.

The Sharp entities did not file a notice regarding joinder and estoppel. The Sharp entities are currently stayed until April 8, 2015 pending settlement of this case. (Dkt. No. 296.) Accordingly, the Sharp entities are not affected by this Order.

5035718, at *2 (E.D. Tex. Oct. 8, 2014) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

## ANALYSIS

### I. Issue Simplification

Regarding the first factor, e-Watch argues HTC's entire issue simplification argument is premised on speculation regarding the result of the IPR Proceedings. (Opp. at 9.) e-Watch further argues issue simplification weighs in its favor because the IPR Proceedings have no effect on Defendants' other defenses. (*Id*. at 10–11) (citing Defendants' non-infringement, section 101, section 112, and section 251 defenses). Finally, e-Watch raises concerns about the estoppel effect of the IPR Proceedings as to defendants other than HTC. (*See* Opp. at 13) ("Notably, only one defendant group has agreed to be bound by the full scope of 35 U.S.C. § 315(e)(2).").

The Court is sensitive to e-Watch's concerns as to the inherent uncertainty of ongoing IPR Proceedings and the PTAB's limitations in resolving *all* of Defendants' defenses in the instant suit. Nevertheless, the Court finds that such proceedings will simplify the issues in this case due, at least in part, to Defendants' representations regarding the estoppel effects under section 315(e). Accordingly, the Court finds this factor weighs in favor of granting a stay.

### II. Prejudice or Tactical Disadvantage

Regarding the second factor, e-Watch argues the *potential* length of the stay—when factoring in the PTAB's review, request for rehearing, and an appeal to the Federal Circuit—could "derail [the IPR] proceedings for up to four years . . . ." (Opp. at 5.) Working from its presupposition that this worst case scenario will occur, e-Watch cites prejudice resulting from this "immense delay" due to the unavailability of witnesses, potential loss of evidence, and the degradation of witness recollection. (*Id*. at 6.) Finally, e-Watch argues it will be prejudiced by a

stay even if HTC's decision results in a final written decision from the PTAB. (*See id*. at 7–8) (arguing limitations of estoppel under 35 U.S.C. § 315(e)(2) as to the other defendants).

Although the argument could be made that every Plaintiff would suffer some degree of prejudice as a result of granting a stay for any period of time, given the specific facts as they relate to this particular case, including the relief which e-Watch seeks through this litigation and Defendants' representations to the Court regarding the estoppel effects of the IPR Proceedings, the Court finds that this factor weighs in favor of granting a stay as well.

### III.    Discovery and Trial Date

Regarding the third and final factor, e-Watch argues this factor weighs against a stay in light of the fact that discovery is ongoing and that the case has been set for trial. (*See* Opp. at 14) (citing to the *Markman* briefing schedule, discovery undertaken to date, and September 2015 trial setting). Notably, the vast majority of e-Watch's timing-related arguments presuppose that the Court should completely ignore the initially filed July 24, 2014 Motion to Stay and focus solely on the December 11, 2014 Renewed Motion to Stay. (Sur-reply at 3.) HTC's arguments, on the other hand, assume the Court must only consider the timing of HTC's July 2014 Motion to Stay. (Mot. at 13.)

Evaluating this factor as a whole, the Court finds this factor, too, weighs in favor of a stay. Although not dispositive, the Court must accord some weight to the timing of HTC's initial Motion to Stay. And though the Court denied that initial motion without prejudice to refiling, HTC promptly renewed its motion *within two days* of the PTAB's decision to institute on all claims presently asserted in this litigation. By the time HTC filed its renewed motion, the claim construction briefing process pursuant to P.R. 4-5 had not yet fully completed (Dkt. No. 241, Joint Claim Construction Chart), a technical advisor had not been assigned to the case (Dkt. No.

255), the eligibility of a certain expert witness for Plaintiff had yet to be resolved (Dkt. No. 247, motion for protective order as to preclude Dr. Jose Melendez from accessing confidential information), over three-and-a-half months remained within the fact discovery period (Dkt. No. 107), and over five months remained within the expert discovery period. (*Id.*) By according the appropriate weight to the timing of HTC's Motion to Stay (and its renewal in light of the PTAB's decision to institute the IPR Proceedings) vis-à-vis the parties' docket control order, the Court concludes that under these unique facts, this factor weighs in favor of a stay as well.

## CONCLUSION

For the foregoing reasons, and by finding all three factors weighing in favor of a stay, the Court hereby **GRANTS** HTC's Renewed Motion to Stay (Dkt. No. 232) as to all Defendants.

**SIGNED this 25th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE