**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| E-WATCH, INC., *et al*., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | 2:13-cv-1061 |
| v. | § | LEAD CASE |
| | § | |
| APPLE, INC., *et al*., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION

Plaintiffs e-Watch, Inc. and e-Watch Corporation (collectively, "e-Watch" or "Plaintiff") submit this Motion for Clarification or Reconsideration (its "Motion") in connection with the Court's Order (Dkt. No. 333) granting HTC's Renewed Motion to Stay (Dkt. No. 232).  The Court has predicated its ruling on an understanding of Defendants' agreements to the estoppel provisions of 35 U.S.C. § 315.

## FACTUAL BACKGROUND

Defendants in this case have filed some 18 *Inter Partes* review ("IPR") petitions in connection with e-Watch's two patents in suit, which are detailed on Exhibit A.  As of the date of this filing, 14 IPR petitions and two instituted IPRs remain active.

While HTC's Renewed Motion to Stay purports to be predicated on a desire for efficiency, the serial IPR chain visited on e-Watch by Defendants directly contradicts those claims.

On March 13, 2015, the Court *sua sponte* issued an order (Dkt. No. 298) requiring each defendant to state whether it joins in HTC's Renewed Motion to Stay, and whether it "agrees to be bound to the same extent HTC will be statutorily bound" by HTC's IPR Petitions pursuant to 35 U.S.C. § 315(e). (Dkt. No. 298.)

35 U.S.C. § 315(e) has two distinct estoppel provisions:

(e)  Estoppel.—

(1)  ***Proceedings before the office***.—The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

(2)  Civil actions and other proceedings.—The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318 (a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. 315(e) (emphasis added).

In response, each Defendant except Sharp[1] filed a response averring generally that they agreed to join in HTC's motion to stay and estoppel under 315(e)(2).  These responses, however, are incomplete and fail to address whether each Defendant "agrees to be bound to the same extent HTC will be statutorily bound," i.e., whether each Defendant agrees to be bound by the full extent of the estoppel provision of 315(e), including 315(e)(1).  (Dkt. Nos. 305 – 311.)  As result, each Defendant has failed to comply with the Court's Order.

## ARGUMENT AND AUTHORITIES

The Court granted HTC's Renewed Motion to Stay in view of its finding that "each defendant filed a notice in response to this Court's order indicating its joinder with HTC's Renewed Motion to Stay and agreeing to be estopped under section 315."  Dkt. 333 at 3. Defendants' putative agreements, however, are vaguely phrased and susceptible to multiple interpretations.  Defendants appear to have been intentionally noncommittal with respect to

---

[1] Sharp did not file a response due to a pending settlement.

Section 315(e)(1)–the first estoppel provision about which the Court inquired–regarding other proceedings before the U.S. Patent & Trademark Office.

35 U.S.C. § 315(e)(1) requires a petitioner and those in privity with the petitioner to forgo additional *inter partes* reviews of the same patent before the U.S. Patent & Trademark Office. The Court inquired whether Defendants agreed to be bound by this estoppel.  Dkt. 298 at 2 ("*See e.g.*, 35 U.S.C. § 315(e) (setting forth estoppel provisions *as applied to proceedings before the U.S. Patent and Trademark Office*, civil actions, and other proceedings).") (emphasis added). Defendants arguably sidestepped the question altogether.

This problem is exacerbated by Defendants' conduct before the Patent & Trademark Office.  Eighteen separate, serial IPR petitions for the two patents-in-suit can only be viewed as vexatious.  Indeed, Congress expressly condemned "repeated litigation and administrative attacks on the validity of a patent." H. Rep. No. 112-98 at 48.  Toward that end, Congress enacted several measures so that AIA could not "be used as [a] tool[ ] for harassment" of patent owners. *Id.* One important such tool is 35 U.S.C. §315(e)(1).

This problem is thus not merely academic.  When a final decision issues in the HTC IPR issues as is expected in December 2015, all of the Defendants who have agreed to be bound by the estoppel provisions of 35 U.S.C. § 315(e) should be statutorily required to dismiss all other IPR requests and IPRs that may have been instituted.  35 U.S.C. § 315(e)(1) (estopped party to a final written decision "may not request or maintain" a proceeding before the PTO on a ground that was raised or reasonably could have been raised).  This requirement was intended by Congress to stem the exact "harassment" of patent owners reflected by the nearly twenty IPR petitions filed by the Defendants.  Staying the litigation based on HTC's IPR while allowing HTC and the other Defendants to enjoy the benefits of the remaining 16 IPRs undermines the

3

intent of  35 U.S.C. §315(e)(1).   In accordance with the legislative history of the AIA and the

Court's own directive, Defendants should be obligated to unequivocally confirm their agreement

to be bound by 35 U.S.C. §315(e)(1).   In the absence of their agreement to do so, Plaintiff

respectfully requests that the Court reconsider the Order it premised on Defendants' vague

acknowledgements to date and lift the stay.

Accordingly, Plaintiff thus respectfully requests the Court to order Defendants to affirm

their agreement to be bound by the estoppel provision set forth in 35 U.S.C. §315(e), including

§315(e)(1).  If any Defendant fails to do so, Plaintiff asks that the Court lift the stay and allow

the case to proceed to trial on September 8, 2015 as previously scheduled.

Dated: April 1, 2015

Respectfully submitted,

By:    */s/ Christopher V. Goodpastor*
        Christopher V. Goodpastor
        State Bar No. 00791991
        Andrew G.  DiNovo
        State Bar No. 00790594
        Adam G. Price
        State Bar No. 24027750
        Stefanie T. Scott
        State Bar No. 24061617
        Gregory S. Donahue
        State Bar No. 24012539
        DINOVO PRICE ELLWANGER & HARDY, LLP
        7000 N.  MoPac Expressway, Suite 350
        Austin, Texas 78731
        Telephone:  (512) 539-2626
        Facsimile:   (512) 539-2627
        Email: cgoodpastor@dpelaw.com
            adinovo@dpelaw.com
            aprice@dpelaw.com
            sscott@dpelaw.com
            gdonahue@dpelaw.com

        Francisco Guerra, IV
        State Bar No. 00796684
        Mikal C. Watts
        State Bar No. 20981820
        Jorge L. Mares
        State Bar. No. 24087973
        WATTS GUERRA LLP
        4 Dominion Drive
        Bldg. 3, Ste. 100
        San Antonio, Texas 78257
        Telephone:  (210) 447-0500
        Facsimile:    (210) 447-0501
        Email:  fguerra@wattsguerra.com
            mcwatts@wattsguerra.com
            jmares@wattsguerra.com

T. John Ward, Jr.
State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone:  (903) 757-6400
Facsimile:   (903) 757-2323
Email:  jw@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS**
**e-WATCH, INC. AND**
**e-WATCH CORPORATION**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he has conferred with counsel of record representing Defendants and Defendants' counsel oppose the relief requested in this Motion.

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 1st day of April 2015, with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor