# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| E-WATCH, INC. AND<br>E-WATCH CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br>APPLE, Inc.<br><br>      Defendants. | )<br>)<br>)<br>) Civil Action No. 2:13-cv-01061-JRG-<br>) RSP<br>)<br>)<br>)<br>) (LEAD CASE)<br>)<br>) |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD, ET AL. | ) 2:13-cv-1062 |
| HTC CORPORATION, ET AL. | ) 2:13-cv-1063 |
| LG ELECTRONICS INC., ET AL. | ) 2:13-cv-1064 |
| ZTE CORPORATION, ET AL. | ) 2:13-cv-1070 |
| SONY CORPORATION, ET AL. | ) 2:13-cv-1073 |
| SHARP CORPORATION, ET AL. | ) 2:13-cv-1074 |
| MICROSOFT MOBILE OY AND NOKIA INC. | ) 2:13-cv-1075 |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | ) 2:13-cv-1076 |
| KYOCERA COMMUNICATIONS, INC. | ) 2:13-cv-1077 |
| BLACKBERRY LIMITED, ET AL. | ) 2:13-cv-1078 |

**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION**

The parties briefed the issue of the appropriate estoppel before the Court ordered the stay in this case. At that time, e-Watch pointedly raised the issue in response to Defendants' agreements to be estopped to the same extent as HTC under 35 U.S.C. § 315(e)(2). Now, e-Watch belatedly identifies the alleged error underlying its motion for reconsideration: the Court's statement that "each defendant filed a notice in response to this Court's order indicating its joinder with HTC's Renewed Motion to Stay and agreeing to be estopped under section 315." (*See* Reply at 1 n.1.) But there is no error in this statement: each Defendant did agree to be estopped pursuant to § 315(e)(2), the only estoppel relevant to the district court. Moreover, e-Watch has not identified a single case requiring a defendant to agree to any greater estoppel. The Court should deny e-Watch's motion for reconsideration.

*1.    e-Watch's Reply raises new arguments that it could have raised before.*

e-Watch states in its Reply that it had previously argued that a stay would be prejudicial because other Defendants would not be estopped to the same extent as HTC. (Reply at 1 n.2.) e-Watch's prior argument, however, was based on § 315(e)(2), not § 315(e)(1):

> Further HTC argues that e-Watch will not be prejudiced by a stay because if HTC's petitions result in a final written decision from the PTO, HTC will be estopped by *35 U.S.C. § 315(e)(2)* from raising any invalidity grounds that it raised or reasonably could have raised in the IPR proceeding. Thus, HTC claims the IPR proceeding arguably will reduce the number of invalidity arguments that e-Watch will be required to rebut, as well as *the number of arguments that this Court will be required to adjudicate*. . . . [S]uch argument is purely speculative and a far cry from the reality that actually results in an estoppel arising from an IPR proceeding. Indeed, other defendants . . . will still retain the right to assert numerous invalidity challenges . . . . [S]uch a result would prejudice e-Watch by forcing e-Watch to rebut the same invalidity arguments used by HTC on multiple occasions.

(Pl.'s Opp. to Mot. to Stay at 7-8, ECF No. 249 (emphasis added, citations omitted).)

In response to the Court's order, Defendants all agreed that, pursuant to § 315(e)(2), they would not assert in this litigation that a claim is invalid on any ground that HTC raised or

- 1 -

reasonably could have raised during its *inter partes* review. That agreement moots e-Watch's earlier prejudice argument.

Now, for the first time, e-Watch argues that it will be prejudiced in this case by Defendants' abilities to proceed with their own IPRs regardless of the outcome of HTC's IPR. But a motion for reconsideration is not the appropriate vehicle to make new arguments: "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). There is no question that e-Watch knew of Defendants' other IPRs during briefing on Defendants' Motion to Stay. e-Watch's shading of its prior argument does not present "a manifest error of law or fact or . . . newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745 (5th Cir. 2005).

2. ***Defendants have acted properly in challenging the patents-in-suit.***

The bulk of e-Watch's Reply is used to criticize Defendants for filing separate IPR petitions. But these other IPR petitions are irrelevant to the Court's grant of Defendants' requested stay, which is based only on HTC's IPR. e-Watch also makes misleading statements accusing Defendants of "disturbing" tactics based on mere speculation. (Reply at 4–5.)

For example, e-Watch tells the Court that " Defendants, individually or jointly, have spread 20 prior art references identified in their joint Invalidity Contentions over 18 IPRs, without overlap . . . ." (Reply at 4-5 (footnotes omitted).) This is incorrect and flatly contradicts e-Watch's prior argument to the PTAB that it should refuse to institute Defendants' IPRs because they allegedly rely on *redundant* prior art:

> These eleven (11) IPR petitions have substantial overlap with respect to the prior art cited . . . . Even to the extent different prior art is cited in some of these petitions, the prior art relied on in some of the petitions is similar to the prior art contained in some of the other petitions. As a result, <u>many of these petitions,</u>

> including this petition [] are redundant and present cumulative prior art and
> substantially the same arguments as other earlier-filed IPR petitions, concurrently-
> filed IPR petitions, and/or later-filed IPR petitions. . . .

IPR2015-00406, Prelim. Resp., Paper No. 7, filed Apr. 9, 2015 (emphasis added).

In addition, the tables in e-Watch's Reply are inaccurate. The accurate tables below demonstrate that Defendants rely on both overlapping and non-overlapping prior art:

| Prior Art | HTC | Samsung | Apple | Kyocera | LG | Sony |
|---|---|---|---|---|---|---|
| Hitachi | | | | X | | |
| Kurashige | | X | | X | | |
| Lemelson | | | | | X | X |
| McNelley | X | | X | | | |
| Monroe '818 | | X | X | X | | |
| Morita | | | | X | | |
| Nagamine | | | | | X | X |
| Nagai | | | | | X | X |
| Ohnsorge | | | | | X | X |
| Parulski | | | X | | | |
| Toshiba | | | | X | | |
| Umezawa | | | X | | | |
| Wilska | X | X | | | | |
| Yamagishi-114 | X | X | | | | |
| Yamagishi-992 | X | | | | | |
| Sasaki | | | | | X | X |

'871 Patent IPR Petitions[1]

| Prior Art | HTC | Samsung | Apple | Kyocera | LG | Sony |
|---|---|---|---|---|---|---|
| Hitachi | | | | X | | |
| Longginou | X | X | | X | | |
| McNelley | X | X | | | X | X |
| Monroe '818 | | X | X | X | X | X |
| Morita | X | X | | X | | |
| Nagai | | | | | X | X |
| Sakata | | | | | X | X |
| Sasaki | | | | | | |
| Sardabhikari | X | X | | | | |
| Toshiba | | | | X | | |
| Wilska | X | X | | | | |
| Yamagishi-992 | X | X | | | | |

'168 Patent IPR Petitions

Some of these IPRs were joint filings. But based on incomplete facts and rank speculation, e-Watch implies, without any proof, that Defendants failed to disclose to the PTO

---

[1] Shading in the tables indicates information different from the tables in e-Watch's Reply.

that they are "privies of HTC" (Reply at 1, n.2) and that Defendants coordinated "dividing up the defenses" (Reply at 4–5); the reality, however, is that different Defendants simply preferred different prior art arguments. Moreover, e-Watch's innuendo regarding the art relied upon in Defendants' IPRs is irrelevant and has no bearing on the Court's stay.

e-Watch also repeatedly mischaracterizes Congress's intent in enacting the America Invents Act ("AIA"). Despite, e-Watch's implications to the contrary, the AIA in no way requires multiple defendants (*i.e.*, petitioners) to file joint petitions.

3. *e-Watch's cited authorities support the Court's order.*

In arguing that it will suffer prejudice from Defendants' additional IPRs, e-Watch relies on several cases that are either inapposite or actually support the Court's grant of the stay.

In *CANVS Corp. v. United States*, 118 Fed. Cl. 587 (2014), the PTAB had not yet instituted IPR proceedings based on an IPR petition filed by a different defendant. The *CANVS* court did not consider estoppel before the PTAB. On the contrary, the court focused on estoppel in the court proceeding: "With no estoppel requirement here, defendant would be at liberty to bring *to the court* the same arguments that were, or could have been, raised by FLIR with the PTAB." *Id.* at 594 (emphasis added). The *CANVS* court found it prejudicial that the defendant sought the benefit of a stay without any of the risks of filing an IPR, including estoppel before the court. *See id.* at 397. The facts in *Endotach v. Cook Medical* are similar. Neither of these holdings address the situation at hand, where e-Watch argues that it is prejudiced precisely because Defendants *did* file their own IPR petitions *and* they have agreed to estoppel.

e-Watch also relies on several cases where it says "courts in the Eastern District of Texas have limited a defendant's ability to challenge patents-in-suit before the PTO as a condition of

granting a stay to prevent prejudice to the patentee." (Reply at 4.) But the court-imposed conditions in those cases already exist here.

*First*, all of those cases were pre-AIA cases that limited the defendants' ability to *file new* reexaminations. Defendants here are already barred from filing additional IPR petitions because they were served with e-Watch's complaint more than a year ago. *See* 35 U.S.C. 315(b).

*Second,* to the extent those courts required defendants seeking a stay to waive any invalidity arguments, the required waivers were actually *narrower* than Defendants' agreements here. *See, e.g.*, *Premier Int'l Assocs. v. HP*, 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008) (printed publications submitted in reexam); *Visto v. RIM*, No. 2:06-cv-00181, Order at 3, ECF No. 313 (E.D. Tex. July 2, 2008) (patents and publications actually considered in reexam); *Antor Media, Corp. v. Trusonic, Inc.*, No. 5:06-cv-270, Order at 6, ECF No. 323 (E.D. Tex. May 11, 2009) (patents and publications applied in an office action).

e-Watch has not identified any manifest error of law or fact, or any newly discovered evidence, justifying reconsideration. It also has not identified any case law requiring Defendants to agree to be estopped for purposes of proceedings already pending for the PTO in exchange for obtaining a stay in district court. For this and the reasons set forth in Defendants' Opposition and this Surreply, the Court should deny e-Watch's Motion for Reconsideration.

May 11, 2015

Respectfully submitted,

*For Defendant Apple, Inc.*

*Attorneys for Defendants HTC Corporation and HTC America, Inc.*

By:*/s/ Melissa Richards Smith*
William C. Rooklidge
GIBSON, DUNN & CRUTCHER LLP
CA State Bar No. 134483
wrooklidge@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Brian M. Buroker
GIBSON, DUNN & CRUTCHER LLP
Washington D.C. Bar No. 457158
bburoker@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8541
Facsimile: (202) 530-4200

Jennifer Rho
GIBSON, DUNN & CRUTCHER LLP
CA State Bar No. 254312
jrho@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Melissa Richards Smith
GILLIAM & SMITH LLP
Melissa@gillamsmithlaw.com
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

By:*/s/ Evan Day*
Cheng C Ko (*Admitted Pro Hac Vice*)
Lead Counsel
CA State Bar No. 244630
cko@perkinscoie.com
Matthew C. Bernstein
CA State Bar No. 199240
mbernstein@perkinscoie.com
Kevin Patariu
Texas State Bar No. 24074859
kpatariu@perkinscoie.com
Evan S. Day (*Admitted Pro Hac Vice*)
CA State Bar No. 283896
eday@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858-720-5700
Facsimile: 858-720-5799

Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 N. College Ave.
Suite 900
Tyler, TX  75702
 (903) 534-1100
 (903) 534-1137 FAX
efindlay@findlaycraft.com

| | |
|---|---|
| *For Defendants Huawei Device Co., Ltd. and Huawei Device USA, Inc.* | *For Defendant Sony Mobile Communications (USA), Inc.* |

By:*/s/ Scott F. Partridge*
Scott F. Partridge
Lisa Kelly
Masood Anjom
Joshua Davis

BAKER BOTTS LLP
910 Louisiana, Suite 3000
One Shell Plaza
Houston, Texas 77002-4995
Telephone: (713) 229-1569
Facsimile:  (713) 229-7769
Email: scott.partridge@bakerbotts.com
　　　  lisa.kelly@bakerbotts.com
　　　  masood.anjom@bakerbotts.com
　　　  joshua.davis@bakerbotts.com

By: */s/ John H. McDowell, Jr.*
John H. McDowell, Jr.
Ben Setnick
ANDREWS KURTH LLP
1717 Main St
Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4735
Facsimile:  (214) 915-1432
JohnMcDowell@AndrewsKurth.com
BenSetnick@AndrewsKurth.com

James Mahon
ANDREWS KURTH LLP
4505 Emperor Boulevard
Suite 330
Durham, NC 27703
Telephone: (919) 864-7210
JamesMahon@AndrewsKurth.com

*For Defendants LG Electronics, Inc., LG Electronics Mobilecomm U.S.A., Inc., and LG Electronics U.S.A., Inc.*

By:*/s/ Melissa Richards Smith*
Melissa Richards Smith
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gilliamsmithlaw.com

Michael J. McKeon
Kevin C. Wheeler
Brian Livedalen
FISH & RICHARDSON PC
1425 K Street, NW Suite 100
Washington, DC 20005
Telephone: (202) 783-5070
Email: mckeon@fr.com
　　　  livedalen@fr.com
　　　  kwheeler@fr.com

*For Defendant Kyocera Communications, Inc.*

By: */s/ David L. Witcoff*
David L. Witcoff
Thomas W. Ritchie
**JONES DAY**
77 West Wacker, Suite 3500
Chicago, Illinois  60601-1692
Telephone:  (312)782.3939
Facsimile:  (312) 782.8585
dlwitcoff@jonesday.com
twritchie@jonesday.com

Thomas R. Jackson
Richard J. Johnson
**JONES DAY**
2727 North Harwood Street
Dallas, Texas  75201-1515
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100
trjackson@jonesday.com
jjohnson@jonesday.com

- 8 -

*For Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

By: */s/ Steven L. Park*
Steven L. Park
PAUL HASTINGS LLP
1170 Peachtree St. NE Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
Email: stevenpark@paulhastings.com

Elizabeth L. Brann
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
Email: elizabethbrann@paulhastings.com

Allen Franklin Gardner
Michael E. Jones
POTTER MINTON PC
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: allengardner@potterminton.com
mikejones@potterminton.com

*For Defendant ZTE (USA) Inc.*

By: */s/ Nicole S. Cunningham*
Steven A. Moore
CA Bar No. 232114
steve.moore@pillsburylaw.com
Callie A. Bjurstrom, Pro Hac Vice
callie.bjurstrom@pillsburylaw.com
Inge Larish
Texas State Bar No. 00796924
inge.larish@pillsburylaw.com
Nicole S. Cunningham
CA Bar No. 234390
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: (619) 234-5000

- 9 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 11, 2015.

*/s/ John H. McDowell, Jr.*